NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THEODORE V. BRYANT, | |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 02-3612 (WHW) |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**Walls, District Judge**

Plaintiff, Theodore Bryant, appeals the denial of Supplemental Security Income Benefits under title XVI of the Social Security Act by the Administrative Law Judge ("ALJ"). This Court will vacate that decision and remand for further proceedings.

## BACKGROUND

### A. Procedural History

On March 2, 2001, Plaintiff applied for Supplemental Security Income Benefits under Title XVI of the Social Security Act. His application stated that Plaintiff had an inability to work since December, 1999, due to spinal pain, numbness, lack of neck mobility and a herniated disc in his cervical spine. (Trial Record (Tr.) 67-70.)

Plaintiff's application for disability benefits was denied at the initial and reconsideration levels. He then filed a Request for Hearing, which was granted. (Plaintiff's Brief ("PB.") 2.) A hearing was held on January 15, 2002 before an administrative law judge. (Tr. 21-43.) The ALJ

NOT FOR PUBLICATION

issued his decision on March 29, 2002, finding the Plaintiff was not disabled and denied benefits. (Tr. 11-19.)  Plaintiff then filed for review by this Court.

**B. Statement of Facts**

Plaintiff, at the time of the ALJ's decision, was 48 years old with a high school education. His claim of disability was based on back and neck injuries which had begun in 1986 or 1987. (Trial Record (Tr.) 12).

In a disability report of September 4, 1999, Plaintiff stated that he worked as machine operator from 1982 to 1983.  (Tr. 76.)  In a later vocational report, dated May 5, 2001, Plaintiff reported he had worked as a machine operator from 1980-1982.  (Tr. 113.)  Plaintiff testified he also had worked sporadically in the home improvement industry in 1997-1998.  (Tr. 27.) On his disability report, Plaintiff said that this period was 1995-1996.  (Tr. 100.)

On May 18, 1999, Plaintiff was involved in an automobile accident.  (Tr. 64.)  Afterwards he visited a chiropractor, Robert Barone, complaining of injuries to his back and neck suffered in the accident.  Plaintiff also mentioned an accident he was in in 1998.  (Defendant's Brief (DB.) ii.)  Plaintiff received treatment from chiropractor Barone through December 1999.  (DB. iii, Tr. 122, 124-59.)  The chiropractor referred Plaintiff to three doctors for electrodiagnostic studies, medical and orthopedic evaluations.  (DB. iii.)  Dr. Carollo, who gave the orthopedic evaluation, found Plaintiff's lumbar spine to have normal range of motion.  Plaintiff also had normal gait, sensory, strength and straight leg raising.  However, Dr. Carollo stated that Plaintiff performed work that required strenuous use of his lower back and cervical spine.  He concluded that, at the time, Plaintiff was totally disabled from his usual work.  (DB. iv, Tr. 205, 233.)  Dr. Carollo referred Plaintiff to Dr. David Yu.  (DB. iii, Tr. 181-83.)

**NOT FOR PUBLICATION**

Dr. Yu examined Plaintiff on August 31, 1999. According to that examination, Plaintiff had normal range of motion and normal strength and sensory examination of his neck and upper extremities. Dr. Yu, through the examination and an MRI, diagnosed Plaintiff with a herniated disc at C6-C7 and gave Plaintiff an epidural block on two separate occasions. (Tr. 181-82, 184.)

Dr. Jeffrey Fossati also examined Plaintiff and submitted a report on November 23, 1999. (Tr. 165-166.) He also concluded Plaintiff had a herniated cervical disc. Dr. Fossati found Plaintiff had motor weakness in his upper and lower extremities due to pain. (Tr. 165.) Dr. Faced stated Plaintiff "obviously had cervical pain as he was unable to provide any range of motion in the cervical spine without tremendous complaints of pain." (Tr. 207.) He stated that surgery to repair the herniated disk was likely and Plaintiff's recovery date "is unknown at this time." (*Id.*)

On January 26, 2000, Dr. John Burger filed a report on his treatment of Plaintiff: "I judge this patient's injuries to have permanent consequences." (Tr. 238.)

Plaintiff was examined by Dr. Mahesh Patel on March 6, 2001. Dr. Patel recommended that the Plaintiff see an orthopedic specialist. (Tr. 14.)

Dr. Kevin Egan, an orthopedic surgeon, examined Plaintiff on March 12, 2001. Dr. Egan found the Plaintiff had voluntary limitation of motion, but "when distracted, full mobilization is noted." (Tr. 240.) Dr. Egan recommended two to four physical therapy sessions and a home exercise program and found "no physical impairment other than the voluntary limitation of mobility." (*Id.*) There was no mention in the report of the herniated disc.

On March 13, 2001, Dr. Mirti, a State agency medical consultant, completed a physical residual functional capacity assessment. (Tr. 209-16.) This assessment was not done through an

NOT FOR PUBLICATION

examination, but through a review of Plaintiff's medical review.  (PB.  7.)  The assessment concluded Plaintiff could occasionally lift 50 pounds, frequently lift 25 pounds, stand or walk for about 6 hours of an 8 hour work day, and sit for about 6 hours of an 8 hour work day.  (Tr.  210.)

Plaintiff underwent an orthopedic examination by Dr.  M.A. Mohit.  The August 7, 2001 exam was performed at the request of the Division of Disability Determinations Services.  (PB. 6, Tr. 223-25.)   Dr. Mohit found that Plaintiff could occasionally lift 10 pounds, frequently lift less than 10 pounds, stand or walk for less than 2 hours of an 8 hour work day, and sit for less than 6 hours of an 8 hour work day.  (Tr.  226-27.)

## ANALYSIS

### A.  Standard of Review

This Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).  The district court must affirm the Commissioner's decision if it is "supported by substantial evidence."  42 U.S.C. §§ 405(g), 1383(c)(3); Plummer v. Apfel, 186 F.3d 422 (3d Cir. 1999) "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Metro Stevedore Co. v. Rambo, 521 U.S. 121, 149 (1997) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  While substantial evidence must have real probative weight it "may be less than a preponderance."  Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988) (citing Stunkard v. Sec'y of Health & Human Servs., 841 F.2d 57, 59 (3d Cir. 1988)).

"Despite the deference due to administrative decisions in disability benefit cases, 'appellate courts retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner]'s decision is not supported by substantial evidence.'" Morales v. Apfel, 225

NOT FOR PUBLICATION

F.3d 310, 317 (3d Cir. 2000).  Cursory conclusions unsupported by evidence cannot justify an ALJ's decision.  Id.  "[A] reviewing court may remand a case to the Secretary for good cause, 'where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits.'"  Dobrowolsky v. Califano, 606 F.2d 403, 409 (3d Cir. 1979) (quoting Saldana v. Weinberger, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)).

In determining if there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) objective medical facts; (2) diagnoses and expert opinions of examining physicians; (3) subjective evidence of pain; and (4) the claimant's educational background, work history and age."  Snee v. Sec'y of Health & Human Servs., 660 F. Supp 736, 738 (D.N.J. 1987).  Accord Balock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972).  In order for this Court to properly conduct judicial review and to avoid "judicial usurpation of administrative functions" it must ensure that the "administrative decision . . . [is] accompanied by a clear and satisfactory explanation of the basis on which it rests."  Id.  Otherwise, remand is appropriate.  Cotter v. Roberts, 642 F.2d 700, 705 (3d Cir. 1981).

**B. Standard of the Commissioner's Determination of Disability**

Disability is defined by the Social Security Act as "inability to engage in any substantial gainful activity by any reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).

The Commissioner must follow a five-step sequential process to determine if an applicant is disabled and eligible for Social Security disability benefits.  20 C.F.R. § 404.1520.  The Commissioner must first determine whether or not the claimant is currently engaged in "substantial

NOT FOR PUBLICATION

gainful activity." Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999). "Substantial gainful activity" is defined as "the performance of significant physical or mental duties . . . for remuneration or profit." Chicager v. Califano, 574 F.2d 161, 163 (3d Cir. 1978).

Second, if the claimant is not engaged in "substantial gainful activity" then the ALJ must next determine if the claimant is suffering from a severe impairment. Plummer, 186 F.3d at 428. A severe impairment is defined as "any impairment or combination of impairments which significantly limits the claimant's physical or mental ability to do basic work activities." Barnhart v. Thomas, 124 S. Ct. 376, 379 (2003); 20 C.F.R. §§ 404.1520(c), 416.920(c).

If the claimant's impairments are severe, the ALJ must make a third determination that they are listed in Appendix 1 to subpart P of the regulations or are equivalent to those impairments listed. Plummer, 186 F.3d at 428; 20 C.F.R. § 404.1520. If the impairments are not listed nor equivalent to those listed in the appendix, then the ALJ must make a fourth finding regarding the claimant's "residual functional capacity to perform" his or her "past relevant work." Id. "Residual functional capacity is defined as what a claimant can still do despite his limitations." Burns, 312 F.3d at 119.

If the ALJ holds that the claimant cannot return to his or her "past relevant work" due to the impairments, then the ALJ must determine if there are "other jobs existing in significant numbers in the national economy which the claimant can perform," taking into account his or her educational and work experiences. Plummer, 186 F.3d at 428.

C. The ALJ's Decision

In his decision, the ALJ applied the above stated five-step test to the evidence. (Tr. 12.) Neither party has raised objections to the first two stages of the evaluation.

Plaintiff argues:

NOT FOR PUBLICATION

**1. ALJ improperly relied upon evidence which was not substantial.**

Basically, Plaintiff argues that the ALJ gave improper weight to Dr. Mohit's findings, gave too much weight to Dr. Mirti's findings, and ignored the side-effects of Plaintiff's medication. (PB. 6-8.) Plaintiff believes that if the ALJ had evaluated the evidence with the weight he suggests, then the ALJ would have granted him benefits.

The Court's scope of review is limited to whether the ALJ's decision is supported by substantial evidence. 42 U.S.C. §§ 405(g) and 1383(c)(3). As earlier said, substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." Plummer v. Apfel, 186 F.3d at 427; Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971))(emphasis added). This Court must look at the ALJ's decision and decide, only, if a reasonable person could have reached the same conclusion based on the substantial evidence. It is irrelevant whether this Court would have reached a different decision.

The ALJ reviewed all medical records available to him at the time (Tr. 13-16.) and reached the conclusion that the Plaintiff "has the residual functional capacity to meet the exertional demands of medium work." (Tr. 18.) The ALJ reached the exact same conclusions in regard to Plaintiff's physical capacities as Dr. Mirti had. (*see* supra.)

In Mason v. Shalala, 994 F. 2d 1058 (3d Cir. 1993), the Third Circuit held that a physical capacity evaluation form without a thorough written medical report is not substantial evidence. (*Id*. at 1065; *see* Brewster v. Heckler, 786 F. 2d 581, 585 (3d Cir. 1986); Green v. Schweiker, 749 F. 2d 1066, 1071 (3d. Cir. 1984). In *Mason*, the court specifically criticized the opinions of doctors from state disability determination agencies because of their use of forms using boxes to check off or

NOT FOR PUBLICATION

blanks to fill in.

Here, the ALJ's reliance on Dr. Mirti's assessment of the Plaintiff was improper. The only report from Dr. Mirti was a physical residual functional capacity assessment form. (Tr. 209-16.) This form consists of the very check-off-boxes criticized in *Mason*. There is no written report of any kind from Dr. Mirti included in the record. That being said, the ALJ's reliance on Dr. Mirti's findings were improper because it does not reach the level of substantial evidence required by 42 U.S.C. §§ 405(g), 1383(c)(3) and *Plummer*. A physical capacities evaluation form without a written report is not substantial evidence under *Mason*.

Plaintiff argues that the ALJ erred by rejecting the expert opinion of Dr. Mohit. (PB. 6). Dr. Mohit opined that Plaintiff would be able to sit, stand, and walk for less than an 8 hour work day and could frequently lift less than ten pounds. (Tr. 226-27). In addition to a medical source statement of ability to do work-related activities (physical) form (Tr. 226-29), Dr. Mohit also provided a detailed written report of his examination (Tr. 223-25). By the *Mason* standard, Dr. Mohit's opinion would qualify as substantial evidence. Because, as stated, Dr. Mirti's opinion does not qualify as substantial evidence and should not have any weight in the decision, certainly Dr. Mohit's conclusion should be given more weight. However, since there is a plethora of other medical reports in the record, the ALJ is not required to base his decision on Dr. Mohit's findings. In his decision, the ALJ stated he gave very little weight to Dr. Mohit's opinion. The ALJ said Dr. Mohit's "assessment of [Plaintiff's] functional abilities is not supported by the objective clinical evidence.... Moreover, Dr. Mohit only examined the [Plaintiff] once and his conclusion is out of proportion to his minimal findings of muscle spasm and limited range of motion." (Tr. 17.) *Mason* standards aside, this Court is perplexed that the ALJ would rely on the findings of a doctor who

NOT FOR PUBLICATION

never physically examined the Plaintiff and only filled out a form of check-boxes over a doctor who actually examined the Plaintiff and filed a detailed, written report in addition to the pre-printed form.

### 2. ALJ erred in determining Plaintiff had past relevant work as a machine operator.

Plaintiff argues that the ALJ erred in finding that Plaintiff has past relevant work as a machine operator. (PB. 4.) Under 20 C.F.R. § 416.920(f), the ALJ must assess Plaintiff's residual functional capacity as compared to Plaintiff's past relevant work. For work to be relevant, it had to be done in the last fifteen years. The time frame is set at the "15 years prior to the time a adjudication at the initial, reconsideration or higher appellate level." (Social Security Ruling 82-62). Plaintiff reported he had worked as a machine operator from 1982-1983. (Tr. 76.) Later, he stated the period was 1980-1982. (Tr. 113). Even giving the ALJ the benefit of the later work period (1982-1983) and the earliest adjudication date (Plaintiff first applied for benefits in 1999), Plaintiff's work as a machine operator would not qualify as past relevant work because it does not fall within the fifteen year period.

Defendant does not dispute the above argument or conclusion. (DB. xvi.) However, Defendant contends that this is a harmless error, since Plaintiff had done home improvement work in the 15 year period and would be able to return to that relevant work.(*Id*.)

This Court may not rectify an error by the ALJ by pointing to evidence in the record not mentioned by the ALJ. Fargnoli v. Massanari, 247 F. 3d 34, 44, n. 7 (3d Cir. 2001); Sykes v. Apfel, 228 F.3d 259, 271 (3d Cir. 2000). That Plaintiff worked in home improvement from 1995-1996 (Tr. 100) is irrelevant because the ALJ did not use that information in his findings. On remand, the ALJ can consider other past work, but should make a determination that the work would qualify as relevant.

NOT FOR PUBLICATION

### 3. ALJ did not consider the final step in the sequential evaluation process.

Defendant further argues that even if Plaintiff could not perform his past relevant work, he "would have been found not disabled" in step five of the sequential analysis. (DB. xvi.) Defendant proceeds to discuss how the step five analysis would conclude. (*Id*. at xvii.) However, the ALJ did not perform the analysis in his decision. (Tr. 18.) Again, even though the record may provide evidence that would support Defendant's conclusion, under *Fargnoli*, this Court cannot correct the error. In addition, the Defendant may not recharacterize the ALJ's findings in order to make them work. Burnett v. Commissioner of Social Security, 220 F. 3d 112, 124 (3d Cir. 2000); Adorno v. Shalala, 40 F. 3d 43, 46-7 (3d Cir. 1994); Thompson v. Barnhart, 281 F.Supp.2d 770, 776 (E.D.Pa. 2003)(Rufe, J.). Because the ALJ did not consider the final step of the sequential analysis (Tr. 17), this Court cannot look at the record and determine what the ALJ would have concluded if he had completed the analysis. On remand, if the ALJ reaches stage five, he must not only make the determination, but, also, clearly state his reasons.

## CONCLUSION

For the foregoing reasons, it is on this Ninth of June, 2005, ORDERED that the ALJ's decision is vacated and the remanded to the ALJ for further proceedings.